UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARK BLACKBURN,

    Petitioner,

-vs-                                            Case Nos.  5:05-cv-259-Oc-10GRJ
                                                                  5:03-cr-35-Oc-10GRJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

Judgment of commitment was entered in this case on January 24, 2005 (Doc. 42 in 5:03-cr-35-Oc-10GRJ). The Defendant was sentenced to a commitment term of 151 months. Id. On that same day, January 24, 2005, the Defendant in proper person wrote a letter to the Court (Doc. 1 in 5:05-cv-259-Oc-10GRJ; Doc. 43 in 5:03-cr-35-Oc-10GRJ). That letter was received in chambers on February 7, 2005. Because the letter contained allegations which, if true, might justify relief under 28 USC § 2255, the Court gave notice to the Defendant pursuant to Castro v. U. S., 124 S.Ct. 786 (2003) that his letter would be characterized as a motion for relief under 28 USC § 2255. (See Doc. 44 in 5:03-cr-35-Oc-10GRJ). The Defendant was therefore given 30 days from the date of that Order (entered February 14, 2005) to either withdraw the motion or amend it so that it would contain all of the Section 2255 claims he might have. That 30 day period expired and the Defendant failed to either

withdraw the motion or to amend it.  The Court therefore entered an Order (Doc. 45 in 5:03-cr-35-Oc-10GRJ) treating the motion as one seeking relief under 28 USC § 2255, instructing the Clerk to forward a copy of the motion to the United States Attorney, and directing the United States to file a response to the motion within thirty (30) days.  The United States has now filed its response (Doc. 6 in 5:05-cv-259-Oc-10GRJ) in which it suggests that the Defendant's letter/motion should have been treated as a timely notice of appeal rather than a motion under 28 USC § 2255.  Alternatively, the Government also suggests that if the motion is treated as one made under 28 USC § 2255, it should be denied on a number of both procedural and substantive grounds.  In the meantime, however, the Defendant has filed a formal written waiver of his right to appeal (Doc. 48 5:03-cr-35-Oc-10GRJ).  It appears that such written waiver was signed by the Defendant on or about February 11, 2005, subsequent to his letter motion to the Court dated January 24, 2005. Accordingly, the Court will decline to accede to the Government's suggestion and will not treat or recharacterize the Defendant's letter/motion (Doc. 43 in 5:03-cr-35-Oc-10GRJ; Doc. 1 in 5:05-cv-259-Oc-10GRJ) as a notice of appeal.  Rather, as provided in the Order of June 1, 2005 (Doc. 45 in 5:05-cv-259-Oc-10GRJ), the Defendant's letter/motion will be entertained and treated as one seeking relief under 28 USC § 2255.  Further, as so treated, the motion is DENIED for the reasons stated in the Government's response (Doc. 6 in 5:05-cv-259-Oc-10GRJ).

Accordingly, the Clerk is directed to enter judgment denying the Defendant's motion under 28 USC § 2255 (Doc. 1 in 5:05-cv-259-Oc-10GRJ; Doc. 43 in 5:03-cr-35-Oc-10GRJ) with prejudice.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida, this 22nd day of August, 2005.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Mark Blackburn
             Counsel of Record
             Maurya McSheehy